**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DIALLO DEJUAN DIAL,

      Petitioner-Appellant,

v.

RON CHAMPION, Warden, and
DREW EDMONDSON, Attorney
General for the State of Oklahoma,

      Respondents-Appellees.

No. 00-6228
(D.C. No. CIV-99-1110-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Diallo Dejuan Dial appeals the district court's

dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2254. We agree

with the district court's finding that Dial has not presented claims for which relief

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

should be granted.  Accordingly, we decline to issue a certificate of appealability and dismiss the appeal.

On February 19, 1997, Dial was convicted of first-degree murder after a trial by jury in Oklahoma.  He was sentenced to life imprisonment without parole.  He appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA), alleging that the trial court erred in admitting photographs of the murder and that his sentence was excessive.  On February 18, 1998, the OCCA affirmed the conviction and sentence.

Dial then filed for state post-conviction relief, arguing that (1) the trial court improperly denied his request for jury instructions on the voluntary intoxication defense; (2) the trial court improperly admitted his confession; (3) the disparity between his sentence and his co-defendant's sentence violated equal protection of the laws; (4) his sentence of life without parole was void as arbitrary and devoid of discretion; and (5) he was denied effective assistance of appellate counsel due to counsel's failure to raise the four foregoing issues on appeal.  The state district court denied relief, and the OCCA upheld the ruling.

Dial requested the federal district court for the Western District of Oklahoma grant him habeas corpus relief under 28 U.S.C. § 2254.  He raised the same five claims in his federal habeas petition as he did in his state post-conviction petition.  The case was assigned to a federal magistrate judge, who

found all five claims to be without merit. Thus, on May 26, 2000, the magistrate judge recommended that Dial's petition be dismissed.

Dial objected to the magistrate's recommended disposition, and raised four additional issues. The federal district court refused to consider the additional issues, deeming them waived, and adopted the magistrate judge's Report and Recommendation.

Dial, now acting pro se, appealed to this court. He formally presents the same five issues that were raised to the magistrate judge, and he alludes to a few of the new issues urged upon the federal district court. For substantially the reasons stated in the district court's order and the magistrate judge's Report and Recommendation, we decline to issue a certificate of appealability. Since this appeal is without merit we deny his motion to proceed in forma pauperis. See Fed. R. App. P. 24. This appeal is accordingly DISMISSED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge